USDC- GREENBELT
'23 JAN 11 PM 1:08

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| WARREN LAKE BLAND, | ) |
| Plaintiff, | ) Civil Action No. 21-cv-02946-LKG |
| v. | ) Dated: January 10, 2023 |
| OFFICER STITLEY, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Self-represented plaintiff Warren Lake Bland, a state inmate currently confined at Maryland Correctional Training Center, filed the instant complaint pursuant to 42 U.S.C. § 1983 against Officers Christopher Stitley, Glenn Taylor, and Patrick St. Clair.[1] *See* ECF No. 1.[2] Bland seeks monetary damages for Defendants' alleged deprivation of his rights. *Id.* Defendants have moved to dismiss the Complaint, or in the alternative, for summary judgment to be granted in their favor. ECF No. 9 (and supplemented at ECF No. 14). The Court informed Bland that, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the failure to file a response in opposition to the Defendants' motion may result in dismissal of the Complaint. ECF No. 10. Bland has not responded. The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). Defendants' Motion to Dismiss shall be **GRANTED**.

---

[1] The Clerk shall amend the docket to reflect the full names of Defendants.

[2] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files (CM-ECF) system.

I.     **Background**

On November 11, 2021, Bland filed suit in this Court stemming from the alleged use of excessive force against him by Defendants on October 26, 2021. The Complaint is dated as having been signed on November 11, 2021, and is deemed filed on that day.[3]

Bland claims that on October 26, 2021, Officer Stitley sprayed him with pepper spray because he requested to speak to a sergeant about his housing assignment. ECF No. 1 at 3. After being sprayed with the chemical agent, Bland, afraid, ran to his case manager's office for assistance but was approached by Officer St. Clair who ordered him to the ground. *Id*. at 4. Bland complied when Stitley tackled him, held him down, and placed him in a chokehold injuring Bland's spine, back, chest, and neck. *Id*.

II.    **Standard of Review**

In reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all facts pleaded in the Complaint and construes them in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007),

---

[3] *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding a pro se prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing).

unsupported legal conclusions, *Revene v. Charles Ct. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), and conclusory factual allegations devoid of any reference to actual events, do not suffice. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III. Analysis

Defendants raise several independent grounds for dismissal, maintaining that the claims are unexhausted, they are entitled to qualified immunity, and that in their official capacities, they are immune from suit. The Court need not address each independent ground for dismissal, because all claims are unexhausted.

Defendants raise the affirmative defense that Bland has failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (holding that "[a]n inmate must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an

3

administrative remedy is unavailable: an administrative procedure is not available when officers are "unable or consistently unwilling to provide any relief to aggrieved inmates," the procedure is "so opaque that it becomes, practically speaking, incapable of use," or "prison administrators thwart inmates from taking advantage of [filing grievances] through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1859-60.

In Maryland prisons, for the type of grievance asserted by Bland, the Administrative Remedy Procedure is the administrative process that must be exhausted. Md. Code Regs. § 12.02.28.02(B)(1), (D) (2018). First, a prisoner must file an ARP with the warden within 30 days of the incident at issue. Md. Code Regs. § 12.02.28.05(D)(1) (requiring filing with the "managing official"); Md. Code Regs. § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); Md. Code Regs. § 12.02.28.09(B) (setting the 30-day deadline). Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. Md. Code Regs. § 12.02.28.14(B)(5). If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO"). *See* Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210; Md. Code Regs. § 12.07.01.05(B). Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court. *See* Md. Code Ann., Corr. Servs. § 10-210(a).

Here, Bland failed to exhaust administrative remedies. While Bland filed an ARP relating to the use of force, he did so the day before filing the instant Complaint. ECF No. 14-1. Further, Bland had not received the initial response to his ARP, which is dated November 16, 2021, prior to filing the instant complaint. Exhausting administrative remedies after a complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies. *See*

*Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001) (overruled on other grounds). In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." This Court has consistently recognized this principle. *Kitchen v. Ickes*, Civil Action No. DKC-14-2022, 2015 WL 4378159, at *8 (D. Md. July 14, 2015); *Miller v. McConneha, et al*, JKB-15-1349, 2015 WL 6727547, at *3-4 (D. Md. November 11, 2015); *see also Blackburn v. S. Carolina*, No. C A 006-2011-PMD-BM, 2009 WL 632542, at *1 (D.S.C. Mar. 10, 2009) *aff'd*, 404 F. App'x 810 (4th Cir. 2010); *Kaufman v. Baynard*, CIV.A. 1:10-0071, 2012 WL 844480 (S.D.W. Va. Feb. 3, 2012) *report and recommendation adopted*, CIV.A. 1:10-0071, 2012 WL 844408 (S.D.W. Va. Mar. 12, 2012); *Miller v. McConneha, et al*, JKB-15-1349, 2015 WL 6727547, at *3-4 (D. Md. November 11, 2015).

To the extent that Bland might argue that an Intelligence and Investigation Division investigation could be deemed to be a means to exhaust administrative remedies, Bland did not pursue his complaint through that process prior to filing this Complaint. The ARP process applies to the majority of inmate complaints including allegations that correctional officers used excessive force. Md. Code Regs. 12.02.28.04(A)(7). Filing a complaint with the Division of Correction's Intelligence and Investigative Division does not count as an administrative remedy and does not excuse the inmate from pursuing the administrative remedy process. Md. Code Regs. 12.02.28.05(H). Accordingly, Bland's claims must be dismissed for failure to exhaust administrative remedies.

In light of the foregoing, it is this 10th day of January, 2023, by the United States District Court for the District of Maryland, hereby **ORDERED THAT**:

1. The Clerk **SHALL AMEND** The docket to reflect the correct names of Defendants Christopher Stitley, Glenn Taylor, and Patrick St. Clair;

2. Defendants Christopher Stitley, Glenn Taylor, and Patrick St. Clair's Motion to Dismiss (ECF No. 9) **IS GRANTED**;

3. The Complaint **IS DISMISSED** without prejudice;

4. The Clerk **SHALL CLOSE** this case; and

5. The Clerk **SHALL TRANSMIT** a copy of this Memorandum Opinion and Order to Plaintiff and counsel of record.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
United States District Judge